# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL LAMAR JARMON, | ) |
| Petitioner, | ) |
| | ) |
| | ) No. 4:21-CV-101 ACL |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on pro se petitioner Michael Lamar Jarmon's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On July 26, 2021, the Court reviewed the petition, finding that petitioner's application for writ of habeas corpus was time-barred. As a result, the Court ordered petitioner Jarmon to show cause, within twenty-one (21) days, as to why the petition should not be dismissed. Petitioner has failed to file a response to the Order to Show Cause. Petitioner failed to file a response, and his time for doing so has passed. His application for writ of habeas corpus will be dismissed as time-barred. *See* Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

## Background

A public grand jury indictment was filed against petitioner in June of 2013. He was charged with four counts in the indictment, including: felony property damage in the first degree; misdemeanor property damage in the second degree and two separate counts of class A

---

[1] Although petitioner has provided the Court with a certified account statement, he has failed to either pay the $5 filing fee or file a motion to proceed in forma pauperis. The Court will allow petitioner twenty-one (21) days to either pay the filing fee or file a motion to proceed in forma pauperis.

misdemeanor stealing. Petitioner was also charged as a persistent offender. *State v. Jarmon*, No. 1233-CR01957-01 (22nd Judicial Circuit, St. Louis City Court).

On June 16, 2014, petitioner plead guilty to the charges. He was sentenced on June 18, 2014 to a term of eight (8) years' imprisonment. However, the court suspended the execution of the sentence and ordered that petitioner complete a long-term drug treatment program for a term of eighteen months. Petitioner did not file a direct appeal from his conviction or sentence.

After completion of the drug treatment program, petitioner was released on probation in August of 2015. He subsequently violated conditions of his probation, and his probation was revoked on October 6, 2016. At that time, he was committed to the Department of Corrections to complete his eight-year sentence.

On January 27, 2015, petitioner filed a pro se motion to vacate his conviction pursuant to Missouri Supreme Court Rule 24.035 motion for post-conviction relief challenging the 2014 conviction. *Jarmon v State*, No. 1522-CC00198 (22nd Judicial Circuit, St. Louis City Court). The court appointed counsel for petitioner, and counsel filed an amended petition on June 22, 2015. On or about October 6, 2016, however, counsel for petitioner notified the Court that petitioner wished to voluntarily dismiss his amended petition to vacate his conviction, noting that petitioner understood he would not be able to bring a second petition at a later date.

On December 6, 2019, petitioner filed a second pro se motion to vacate his conviction pursuant to Missouri Supreme Court Rule 24.035. *Jarmon v. State*, No. 1922-CC12180 (22nd Judicial Circuit, St. Louis City Court). On January 6, 2020, the Court denied petitioner's motion to vacate finding that the motion was filed out of time. *Id.*

In the instant petition, petitioner argues that (1) he is entitled to clemency or pardon; (2) he has been subjected to double jeopardy without due process; (3) he was illegally denied counting

of jail time in another state toward his sentence time; (4) prison officials have an apathy toward human life and health of prisoners.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.  A district court can dismiss an untimely § 2254 petition on its own motion after giving notice to the petitioner. *See Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006).

Title 28 U.S.C. § 2244(d), imposes a one-year limitation period on the filing of § 2254 petitions in the federal courts.  A petitioner generally has one year from the date the conviction became final to file a federal habeas petition.  28 U.S.C. § 2244(d)(1)(A).  Exceptions exist, but none of the exceptions appear to apply in this case.  Nor does the limitations period appear to have been tolled under § 2244(d)(2).

Under Missouri law a suspended execution of sentence is an entry of judgment, because the sentence has been assessed and only the act of executing the sentence has been suspended. *E.g., Missouri v. Nelson*, 9 S.W.3d 687, 688 (Mo. Ct. App. 1999).  The time for filing a direct appeal of the judgment expired ten days after the judgment was entered in petitioner's case, on June 18, 2014.  *Id.*; Mo. Sup. Ct. R. 30.01(d).

As a result, petitioner's judgment became final on about June 28, 2014.  Because petitioner did not file an appeal or motion for post-conviction relief within the one-year period, the limitations period for filing a federal habeas petition expired on June 28, 2015.  The petition therefore appears to be time-barred with respect to petitioner's claims relating to his original conviction and sentence.

To the extent that petitioner is attempting to bring claims relating to his revocation on October 6, 2016, those claims are also barred. Under Missouri law, the sole avenue for relief for a

person challenging a probation revocation is to file a petition for writ of habeas corpus under Missouri Supreme Court Rule 91 in the Circuit Court for the county of confinement. State prisoners may not directly appeal an order revoking their probation, *Winegar v. State*, 967 S.W.2d 265, 266 (Mo. Ct. App. 1998) (citation omitted), nor are such orders normally reviewable under Missouri Supreme Court Rules 29.15 or 24.035. *Teter v. State,* 893 S.W.2d 405, 405-06 (Mo. Ct. App. 1995).

In the context of § 2244(d)(1)(A), petitioner's October 6, 2016, probation revocation was final on that date, as direct review was not an option. *See Davis v. Purkett,* 296 F. Supp. 2d 1027 (E.D. Mo. 2003) (concluding that the petitioner's probation revocation was "final" for purposes of § 2244(d)(1)(A) on the day the trial court entered it, in the sense that direct review was unavailable). Accordingly, under § 2244(d)(1)(A), petitioner first had to exhaust his state remedies by filing a Rule 91 in St. Louis City Court relative to the probation revocation. He then had until October 6, 2017 to file a petition for writ of habeas corpus in federal court under 28 U.S.C. § 2254 relative to the probation revocation.

Petitioner did not file the instant petition until January 20, 2021, more than three years after his probation revocation judgment became final and more than five years after his original judgment became final.  As such, the present application for writ of habeas corpus is time-barred. His petition for writ of habeas corpus will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus [ECF No. 1] is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 17th day of August, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE